**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **OMAR MOSQUEDA RAMIREZ** | **CASE NO.  1:26-CV-02634 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **FACILITY ADMIN CENTRAL LOUISIANA I C E PROCESSING CENTER ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is a "Motion for Temporary Restraining Order, Order to Show Cause, and Anti-Transfer Order" (Doc. 2) filed by counsel on behalf of Petitioner, Omar Mosqueda Ramirez.

Petitioner is a native and citizen of Mexico and is not currently in removal proceedings, but was arrested on July 16, 2026, as an illegal alien by U.S. Immigration and Customs Enforcement ("ICE").  At the time Petitioner filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, he was detained at the Central Louisiana ICE Processing Center (also known as the LaSalle Detention Facility) in Jena. Petitioner alleges that he was subsequently transferred from the Central Louisiana ICE Processing Center to the Alexandria Staging Facility, ICE's removal staging facility at the Alexandria International Airport.

Petitioner now moves the Court to (1) restrain Respondents from removing him from the United States pending adjudication of the Petition, (2) order Respondents to show cause why the Petition for Writ of Habeas Corpus should not be granted pursuant to 28

U.S.C. § 2243, (3) set a hearing within five (5) days of Respondents' return, (4) prohibit Respondents from transferring Petitioner outside the Western District of Louisiana without at least a 48-hour advance written notice to Petitioner's counsel,  and (5) direct Respondents to disclose to Petitioner's counsel and the Court, Petitioner's exact place of confinement within 24 hours.

Petitioner executed a "Voluntary Departure and Verification of Departure on July 16, 2026.  The Court has confirmed that Petitioner, after admitting that he is illegally in the United States, was removed from the United States and is no longer in ICE custody.[1]

"A writ of habeas corpus shall not extend unless. . . he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3); *see also Maleng v. Cook*, 490 U.S. 488 (1989)(recognizing the 2241(c)(3) custody requirement as jurisdictional for a habeas claim); *see also Rose v. Hodges*, 423 U.S. 19, 21 (1975)("[a] necessary predicate for the granting of federal habeas relief to respondents is a determination by the federal court that their custody violates the Constitution, laws, or treaties of the United States."). As such, the Motion for a Temporary Restraining Order is moot, and the Court has no jurisdiction to entertain the Petitioner for Writ of Habeas Corpus.

Additionally, "[v]oluntary departure is a discretionary form of relief that allows certain aliens to leave the country willing." *Kohwarien v. Holder*, 635 F.3d 174, 176 n.1 (5th Cir. 2011). Because Petitioner consented to a voluntary departure, he must first

---

[1] https://locator.ice.gov/odls/#/search

exhaust his administrative remedies before seeking review in federal court. *See Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) ("The exhaustion…doctrine requires not that only administrative remedies selected by the [petitioner] be first exhausted, but instead that all those prescribed administrative remedies which might provide appropriate relief be pursued prior to seeking relief in the federal courts.").

Petitioner claims he did not understand the Voluntary Departure Form he executed, however, Petitioner must first exhaust administrative remedies available to him before he is entitled to injunctive relief. *Rodriguez v. Holder*, 335 F. App'x 463, 464 (5th Cir. 2009) (holding that an alien who agreed to voluntarily depart must file a motion to reopen as part of the immigration proceeding before the voluntary departure period expires). Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order, Order to Show Cause, and Anti-Transfer Order (Doc. 2) is **DENIED**, and Petitioner's Petitioner for Writ of Habeas Corpus is **DENIED** as **MOOT.**

**THUS DONE AND SIGNED** in chambers on this 22nd day of July, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**